UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY J. NEAL,

    Plaintiff,                                                 Case Number 17-13403
                                                         Honorable David M. Lawson
v.                                                       Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</u>**

Plaintiff Terry Neal suffered a work injury on August 5, 2008 at age 27 years, resulting in the total loss of vision in his left eye. His applications for disability benefits and supplemental security income (SSI) under Title II and Title XVI of the Social Security Act were denied at the administrative level. He filed the present action seeking review of the Commissioner's decision denying his claims. The case was referred to United States Magistrate Judge Elizabeth A. Stafford under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Stafford filed a report on December 10, 2018 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary

judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The plaintiff, who is now 37 years old, filed his applications for disability and SSI benefits on June 26, 2014, when he was 33. In the applications that are the subject of the present appeal, the plaintiff alleged a disability onset date of August 5, 2008, based on panic attacks, post traumatic stress disorder (PTSD), depression, general anxiety disorder, blindness in his left eye, chronic headaches, severe dizziness, loss of mathematic problem solving, and slurred speech.

The plaintiff's application for disability benefits was denied initially on December 5, 2014. He timely filed a request for an administrative hearing, and on May 31, 2016, the plaintiff appeared before Administrative Law Judge (ALJ) Crystal L. White-Simmons. On September 19, 2016, ALJ White-Simmons issued a written decision in which she found that the plaintiff was not disabled. On August 23, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed his complaint seeking judicial review.

ALJ White-Simmons reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520(a) and 416.912(a). She found that the plaintiff had not engaged in substantial gainful activity since August 5, 2008 (step one); the plaintiff suffered from left eye-injury with vision loss, anxiety, affective disorder, and PTSD, impairments which were "severe" within the meaning of the Social Security Act (step two); and that none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the functional capacity (RFC) to perform a range of light work that was limited as follows: the plaintiff (1) never could climb ladders, ropes, or scaffolds; (2) occasionally could stoop; (3) should avoid unprotected heights; (4) would be limited to occupations requiring only occasional depth perception due to left eye vision loss; and (5) would be limited to simple, routine, receptive tasks with only occasional decision-making.

At step four, she found that the plaintiff could not perform the duties required for his past relevant work as a mechanic assistant, house builder, and clean up worker, which ranged from skilled to unskilled. The plaintiff performed these jobs at heavy to very heavy exertional levels.

In applying the fifth step, the ALJ considered the testimony of a vocational expert, who stated that even with these limitations, the plaintiff could perform jobs such as sorter, with 200,000 jobs existing nationally; inspector, with 200,000 jobs existing nationally; and small products assembler, with 300,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff presented four issues in his motion for summary judgment. He argued that the ALJ did not properly evaluate the plaintiff's subjective symptoms; she did not deal correctly with the evidence concerning the plaintiff's vision deficit, because she did not fully accept any of the treating, examining, or reviewing doctors' opinions as to the plaintiff's visual functioning; not enough credence was given to the plaintiff's subjective description of his headaches; and the ALJ's

RFC determination was flawed because she did not give due weight to the plaintiff's social interaction limitations.

The magistrate judge rejected each of these arguments. Giving deference to the ALJ's symptom evaluation, the magistrate judge suggested that the ALJ properly applied Social Security Ruling (SSR) 16-3p. The decision was supported by substantial evidence because the ALJ based her findings on the whole record, including the plaintiff's own reports of his level of functioning and certain inconsistencies with his own testimony about his impairments. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007). The ALJ did reject parts of the medical source opinions on the plaintiff's vision deficit, but in the end the ALJ found that he was blind in his left eye and incorporated that deficit in her RFC finding. The magistrate judge concluded that the ALJ's finding was supported by substantial evidence. The magistrate judge found no flaw in the ALJ's consideration of the plaintiff's claim of headaches or his alleged deficit in concentration. And the magistrate judge found that the record evidence supported the ALJ's discounting of medical source opinions on the level of social functioning deficits.

The plaintiff filed one objection to the magistrate judge's recommendation and report. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in

order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In his only objection, the plaintiff argues that the magistrate judge mischaracterized his argument concerning the ALJ's assessment of his visual acuity, asserting that he took issue with the ALJ's decision to make her own, independent medical findings, not the weight she afforded to the physicians' opinions. The plaintiff contends that it was improper for the ALJ to rely on the finding that the plaintiff suffered no impairment in his right eye to justify reducing limitations where there was evidence of complete blindness in his left eye. The plaintiff argues that the ALJ unfairly judged the extent of the plaintiff's left eye impairment based on his lack of significant treatment after 2009, even though treatment had been deemed futile at that point. The plaintiff also argues that in determining that the treating physician's restrictions were "excessive," the ALJ improperly relied on the plaintiff's good vision in his right eye to reduce his limitations.

The ALJ accounted for the loss of vision in the plaintiff's left eye when she determined his RFC, and also in her questioning of the vocational expert (VE). She asked the VE to assume that the plaintiff would have problems with depth perception because of left eye "blindness." Tr. 64. The plaintiff argues that the ALJ should have gone further and found that he suffered near and far visual acuity deficits. But the ALJ declined to do so and pointed to evidence in the record that the plaintiff's right-eye vision was unimpaired.

Residual functional capacity is an assessment of the claimant's remaining capacity for work, once his limitations have been considered. 20 C.F.R. § 416.945(a). It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002).

The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The ALJ found that the plaintiff was blind in the left eye and stated that there was normal vision in the right eye. There is evidence in the record that supports that finding. *See* Tr. 93, 270. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); s*ee also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). Substantial evidence supports the ALJ's RFC determination.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered the plaintiff's objection to the report and finds it to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 25) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 26) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 23) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 21) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   March 12, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 12, 2019.

                                    s/Susan K. Pinkowski
                                    SUSAN K. PINKOWSKI